IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>MANI PEDI NAILS SPA INC,<br><br>    Defendant. | Case No. 21-cv-09377-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FEDERAL CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIM; DISMISSING ACTION; VACATING HEARING** |

    Before the Court is defendant Mani Pedi Nails Spa Inc.'s ("MPSI") "Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction," filed August 2, 2022. Plaintiff Brian Whitaker ("Whitaker") has filed opposition, MPSI has replied, and Whitaker has filed a declaration in sur-reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 23, 2022, and hereby GRANTS the motion, as follows:

    1. Whitaker's claim under the Americans with Disabilities Act ("ADA") is hereby DISMISSED for lack of subject matter jurisdiction, Whitaker having conceded the claim is moot, the sole barrier on which said claim is based, i.e., the "outside table" (see Compl. ¶ 10), having been voluntarily removed from the subject premises (see Opp. at 1:3-4 (stating "case is moot as to the table[]"); Decl. of Kathleen E. Finnerty in Supp. of Def.'s Mot. to Dismiss ¶ 2, Ex. A (email from Whitaker's counsel "confirm[ing] . . . table is no longer out front")); see also Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011) (noting "defendant's voluntary removal of alleged barriers prior to trial can have the

effect of mooting . . . ADA claim"); NAACP, W. Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984) (holding federal courts lack "jurisdiction to hear moot cases").

2. To the extent Whitaker seeks another "opportunity to conduct [a] site inspection" for purposes of identifying potential interior barriers he has not personally encountered and amending his Complaint to plead an ADA claim based thereon (see Opp. at 5:11-25), his request is hereby DENIED, as any such amendment would be futile, see Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (holding amendment may be denied where amendment "would be futile or where . . . amended complaint would be subject to dismissal" (internal citation omitted)).  In particular, Whitaker has not disputed MPSI's assertion that the subject table "was never an architectural barrier upon which [an ADA] claim could be based" (see Mot. at 4:18-22 (citing 2010 Americans with Disabilities Act Accessibility Guidelines ("2010 ADAAG") §§ 226, 901.1, 902));[1] see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011) (holding "ADAAG establishes the technical standards required" for compliance with ADA), and, consequently, he is not entitled to challenge barriers he has not personally encountered, see Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1047 (9th Cir. 2008) (holding ADA plaintiff who has encountered "at least one barrier at a place of public accommodation may . . . challenge all barriers in that public accommodation that are related to his or her specific disability").[2]

3. In light of the dismissal of Whitaker's above-referenced ADA claim, the sole claim over which Whitaker asserts the Court has original jurisdiction (see Compl. ¶¶ 5-6), the Court agrees with MPSI that the interests of "economy, convenience, fairness, and comity" no longer favor retention of supplemental jurisdiction over the remaining state law claim (see Mot. at 7:6-16); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (holding, where "all federal-law claims are eliminated before trial, the balance

---

[1] Whitaker does not dispute that the 2010 ADAAG applies.

[2] In light of such finding, the Court does not address herein the parties' evidentiary dispute regarding Whitaker's May 24, 2022 site inspection.

of factors" generally "will point toward declining to exercise jurisdiction over . . . remaining state-law claims" (internal quotation, citation, and alteration omitted)).  Consequently, the Court declines to exercise supplemental jurisdiction over Whitaker's state law claim, see 28 U.S.C. § 1367(c) (providing court "may decline to exercise supplemental jurisdiction" where it "has dismissed all claims over which it has original jurisdiction"); Johnson v. Techbusiness Res., LLC, Case No. 20-cv-06048-BLF, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020) (noting "[c]ourts in this district have declined to exercise supplemental jurisdiction over [state law] claims after dismissing the parallel ADA claim") (collecting cases), and said claim is hereby DISMISSED without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated: September 1, 2022

MAXINE M. CHESNEY
United States District Judge